IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:21-CV-198

| | |
|---|---|
| **PENN-AMERICA INSURANCE COMPANY,**<br><br>　　　　　　　　　　　　**Plaintiff,**<br><br>　v.<br><br>**FANCY FLEA ANTIQUE MALL, INC.,**<br>**d/b/a FANCY FLEA ANTIQUE MALL,**<br>　　　　　　　　　　　　**Defendant.** | **COMPLAINT FOR<br>DECLARATORY JUDGMENT** |

Plaintiff Penn-America Insurance Company, pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, and hereby files this complaint seeking a declaratory judgment, alleging as follows:

**Parties**

1.　　Plaintiff Penn-America Insurance Company ("Plaintiff") is a corporation organized and existing pursuant to the laws of the State of Pennsylvania, and it maintains a principal place of business in Bala Cynwyd, Pennsylvania.

2.　　Upon information and belief, Defendant, Fancy Flea Antique Mall Incorporated ("Defendant') is a North Carolina corporation with its principal place of business in Shallotte, North Carolina.

**Jurisdiction and Venue**

3.　　This Court has jurisdiction over the parties and the subject matter in this action.

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because complete diversity exists as between Plaintiff, a Pennsylvania resident-corporation, and Defendant, with its principal place of business outside the State of Pennsylvania, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest or costs.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the insurance policy at issue was delivered to Defendant in Brunswick County, North Carolina, and a substantial portion of the events giving rise to this action took place in Brunswick County, North Carolina.

## Nature of the Action

6.      This action for declaratory relief is brought pursuant to 28 U.S.C. § 2201.

7.      Plaintiff seeks a declaration by this Court concerning its rights and obligations under a Commercial General Liability Policy issued to Defendant concerning a suit alleging damages filed by Bernard Keith Hurley and Sarah L. Hurley, individually and as the Administrators for the Estate of Asher Gabriel Hurley.

## Facts

8.      Plaintiff issued a Commercial General Liability Policy to Defendant, designated as Policy No. PAV0260662 ("the Policy"). The policy period was October 31, 2020 to October 31, 2021. A true copy of the Policy is attached here to as <u>Exhibit A</u> and its terms are incorporated herein by reference.

9.      The Policy contains the following terms in Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability:

> **1.    Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to

defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result….

10. The Policy contains the following exclusion in its "Exclusion – Designated Products" endorsement:

**SCHEDULE**

**Designated Product(s):**

Firearms, ammo, flammables or fireworks, goods intended for of by use of infants.

….

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your products" shown in the Schedule.

11. The Policy contains the following pertinent Definitions:

**16**. "Products-completed operations hazard":

    **a**. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work"….

….

**21.** "Your product":

    **a.** Means:

        **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed of disposed of by:

        **(a)** You;

        **(b)** Others trading under your name ….

    **b.** Includes:

> **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product;" and
>
> **(2)** The providing of or failure to provide warnings or instructions.

12. On October 15, 2021, Bernard Keith Hurley and Sarah L. Hurley, individually and as the Administrators for the Estate of Asher Gabriel Hurley, filed a suit against Defendant, alleging that Defendant sold a grenade at its flea market located in Shallotte, North Carolina, to a member of their family, which later exploded at their home on December 23, 2020, fatally injuring their son and damaging their home. (the "Action.") A true copy of the Complaint filed in the Action is attached hereto as Exhibit B.

13. Defendant has demanded a defense and indemnity in the Action from Plaintiff.

14. The claims and damages alleged in the Action are excluded from coverage under the terms of the Policy.

15. Because the damages alleged in the Action are excluded from coverage, Plaintiff has no obligation to provide a defense to Defendant in the Action, or to pay any damages that may be awarded in the Action.

16. Defendant contends that it is entitled to defense and indemnification under the Policy with respect to the Action.

17. Plaintiff seeks a declaration from this Court that the Policy does not afford coverage for any damages sought against Defendant in the Action, and that Plaintiff has no duty to defend or indemnify Defendant with respect to the Action.

18. A real and justiciable controversy exists between Plaintiff and Defendant, necessitating judicial determination of the rights and responsibilities of Plaintiff under the Policy.

WHEREFORE, Plaintiff Penn-America Insurance Company hereby requests as follows**:**

1. That the Court take jurisdiction of this action under the provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §2201;

2. That a Judgment be entered declaring that Plaintiff has no duty to defend or indemnify Defendant under the Policy with respect to the Action or the matters alleged therein;

3. That the Court declare and adjudicate all other rights and obligations between the parties under the Policy.

4. That Plaintiff have and recover its costs; and

5. For such other and further equitable, legal and declaratory relief as the Court may deem just and proper.

THIS THE 11TH DAY OF NOVEMBER, 2021.

**HEDRICK GARDNER KINCHELOE & GAROFALO LLP**

By: S/ Patricia P. Shields
**PATRICIA P. SHIELDS**
**NC State Bar No. 13005**
**Hedrick Gardner Kincheloe & Garfolao LLP**
**4131 Parklake Avenue**
**Suite 300**
**Raleigh, NC 27612**
**Phone: (919) 719-3729**
**Fax: (919) 832-9425**
**pshields@hedrickgardner.com**